IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

   Plaintiff,

   v.

GREGORY MYRON SEELEY,

   Defendant.

Case No. 21-40081-HLT

## ORDER

This matter comes before the court on Defendant Gregory Myron Seeley's ("Seeley") Motion for Production of Witnesses. (ECF 28.) By way of this motion, Seeley seeks a court order authorizing four subpoenas for witnesses to testify in person at a suppression hearing, and he also requests leave for defense counsel's investigator to serve the subpoenas. (ECF 28.) As explained below, Seeley's motion is denied because a court order granting the relief requested is unnecessary.

Federal Rule of Criminal Procedure 17(a) permits the issuance of subpoenas commanding "the witness to attend and testify at the time and place the subpoena specifies." *See also United States v. Villa–Chaparro,* 115 F.3d 797, 804 (10th Cir. 1997) ("Courts have consistently interpreted Fed. R. Crim. P. 17(a) to permit the issuance of subpoenas only to compel attendance at formal proceedings such as hearings and trials."). But the rule also specifies that "[t]he Clerk *must* issue a blank subpoena—signed and sealed—to the party requesting it, and that party must fill in the blanks before the subpoena is served." FED. R. CRIM P. 17(a) (emphasis supplied). Relying on this compulsory language, the clerk must issue the subpoena as a matter of course and without judicial intervention. *See, e.g., United States v. Hood*, No. 117CR00040, 2020 WL 3060757, at *2 (E.D. Cal. June 9, 2020) (where the party is able to pay the fees and mileage

required, no court intervention is necesary and the clerk issues the subpoena as a matter of course); *United States v. Boutte*, No. 1:17-CR-3338, 2019 WL 2929049, at *1 (D.N.M. July 8, 2019) ("Rule 17(a) does not require judicial intervention before the Clerk may issue blank subpoenas for a witness to attend and testify at a hearing."); *United States v. Sabhnani*, No. 07-CR-429, 2008 WL 7842013, at *1 (E.D.N.Y. July 19, 2008) ("Specifically, any party . . . may cause a subpoena to be issued by the Clerk of the Court as a matter of course and without any judicial intervention. A party simply obtains a blank subpoena from the Clerk, fills in the name of the subpoenaed witness, and specifies the time and place at which the witness must attend and give testimony.") (internal quotations omitted)).  Because the clerk must issue the blank subpoenas as a matter of course without judicial intervention, the court denies the aspect of Seeley's motion requesting that the court authorize the issuance of subpoenas.

The court also denies Seeley's request that the court grant leave for defense counsel's investigator to serve the subpoenas.  The service requirements are already spelled out in Federal Rule of Criminal Procedure 17(d).  That rule specifies that a "marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena."  Seeley must comply with that provision.  He does not need a court order to do so.

**IT IS THEREFORE ORDERED** that Defendant Gregory Myron Seeley's Motion for Production of Witnesses (ECF 28) is denied.

**IT IS SO ORDERED.**

Dated January 19, 2022, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
